UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:19-cv-0196-AW-GRJ

NATAN DVIR,

    Plaintiff,

vs.

NORSAN MEDIA, LLC

    Defendant.
    _____/

**UNOPPOSED MOTION TO VACATE AND SET ASIDE
CLERK'S ENTRY OF DEFAULT**

    The undersigned counsel hereby files a limited appearance solely for the purpose of setting aside the clerk's entry of default judgment. Defendant, NORSAN MEDIA, LLC, preserves all defenses, including but not limited to lack of service of process and any defenses related to improper forum. In accordance with Rule 55(c) of the Federal Rules of Civil Procedure, Defendant hereby files it Motion to Vacate and Set Aside Clerk's Entry of Default and incorporated memorandum of law in support:

    1.    Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." *See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir. 1990). The Eleventh Circuit has held that the "good cause" standard under Rule 55(c) is a "liberal one." *See e.g. Compania Interamiericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Even where there is uncertainty as to whether "good cause" exists, courts generally set aside the default so that the

1

case may be decided on its merits. *See e.g., Singh v. Hopkins Meat Packing, Inc.*, No. 6:08-cv-1605-Orl35KRS, 2008 WL 4922071, at *2 (M.D. Fla. Nov. 13, 2008).

2. To set aside an entry of default, district courts consider whether: (1) there was excusable neglect; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not cause prejudice to the opposing party; and (4) the defaulting party has a meritorious defense. *See Lee v. Golden Fortune Int'l*, No. 6:08-cv-1394-Orl22DAB, 2009 WL 36452, at *2 (M.D. Fla. Jan. 6, 2009) (noting that "the standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment").

3. Plaintiff claims that it served Defendant on October 18, 2019 and served a woman named Carol Diaz. (Doc. 6). However, Defendant has no records of a Carol Diaz ever being employed by Defendant, or any related entity.

4. Additionally, the Proof of Service states that Defendant, Norsan Media, LLC was served in North Carolina. Norsan Media *of Florida,* LLC's Florida Registered Address with the Department of State, Division of Corporations, for which is 4417 Beach Boulevard, Suite 205, Jacksonville, Florida 32207. (*See also* Doc. 1, ℙ 7) (emphasis added). There is no Norsan Media, LLC registered in Florida and Norsan Media, LLC is a North Carolina Limited Liability Company.

5. Defendant's registered North Carolina business, Norsan Media, LLC, also provides Norberto Sanchez as the registered agent for Defendant but Norberto Sanchez was not served.

6. Defendant was unaware that suit was filed against it until February 20, 2020, when Plaintiff's counsel informed Defendant that it was in default.

7. Service was not provided on Norsan Media, LLC, nor any of its registered agents, or other authorized agents pursuant to Rule 4(h) Fed. R. Civ. P. A copy of the State of North Carolina, Division of Corporations printout for Norsan Media, LLC is attached hereto as Exhibit "A".

8. Once Defendant was made aware of its default, Defendant promptly filed this Motion and supporting Documentation.

9. Defendant has conferred with counsel for Plaintiff who does not object to this Motion.

10. Granting Defendant's Motion to Vacate and Set Aside Clerk's Entry of Default would minimally prejudice the Plaintiff. Furthermore, once Defendant was made aware of its Default, Defendant promptly notified the Plaintiff who has no objection.

WHEREFORE, Defendant, moves this Court to enter an order Granting Defendant's Motion to Vacate and Set Aside Clerk's Entry of Default, provide thirty (30) days to respond to the Pleadings, and any and all further relied this Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: /s/ D. Brad Hughes
    D. Brad Hughes, Esq.
    Florida Bar No. 0015367
    bhughes@jimersonfirm.com
    Suite 1400
    Jacksonville, FL 32202
    Telephone: (904) 389-0050
    Facsimile: (904) 212-1269
    pamelar@jimersonfirm.com
    fileclerk@jimersonfirm.com
    *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 3rd day of March, 2020, via CM/ECF and was served this day on all counsel and all parties entitled to notice via CM/ECF and/or U.S. Mail.

                                                /s/ D. Brad Hughes
                                                        Attorney

• File an Annual Report/Amend an Annual Report • Upload a PDF Filing • Order a Document Online • Add Entity to My Email Notification List • View Filings • Print a Pre-Populated Annual Report form • Print an Amended a Annual Report form

# Limited Liability Company

## Legal Name
Norsan Media LLC

# Information

**SosId:** 1268790
**Status:** Current-Active
**Date Formed:** 7/13/2012
**Citizenship:** Domestic
**Annual Report Due Date:** April 15th
   Current**Annual Report Status:**
      **Registered Agent:** Sanchez, Norberto

# Addresses

**Mailing**
4801 E. Independence Blvd. Suite 800
Charlotte, NC 28212-5490

**Principal Office**
4801 E. Independence Blvd. Suite 800
Charlotte, NC 28212-5490

**Reg Office**
4801 E. Independence Blvd. Suite 800
Charlotte, NC 28212-5490

**Reg Mailing**
4801 E. Independence Blvd. Suite 800
Charlotte, NC 28212-5490

# Company Officials

All LLCs are managed by their managers pursuant to N.C.G.S. 57D-3-20.
**Member**
Norberto Sanchez
4801 East Independence Blvd Ste 815
Charlotte NC 28212